IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZING HEALTH, INC., | ) <br> ) <br> ) Case No. 1:24-cv-00855 (RBW) <br> ) |
| *Plaintiff,* | ) <br> ) |
| v. | ) <br> ) |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES et al., | ) <br> ) <br> ) |
| *Defendants.* | ) <br> ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Zing Health, Inc. ("Zing") brought this lawsuit to challenge CMS's improper calculation of its 2024 Star Ratings based on the agency's unlawful departure from the plain text of its regulations that establish the correct calculation methodology. *See Zing Health, Inc. v. Dep't of Hlth. & Human Servs., et al.*, Case No. 24-cv-00855, Complaint (ECF No. 1) ¶¶ 91–92. In particular, Zing alleged that CMS improperly used cut points based on simulated data in computing its ratings when the regulations expressly require the agency to use cut points based on actual data. *See* 42 C.F.R. § 422.166(a)(2)(i). That unlawful move artificially deflated Zing's ratings, and caused it other substantial harms, including the termination of its contract, impaired goodwill, and millions of dollars in damages. For relief, Zing requested the Court to vacate CMS's unlawful Star Ratings and order the agency to recalculate its ratings based on a faithful application of its regulations. Zing further requested the Court to enjoin CMS from using the plan's 2024 Star Ratings in connection with any further agency actions involving it. *Id.*

In addition to Zing, several other plans similarly sued CMS in this District based on virtually identical allegations and claims and seeking similar relief. Two courts presiding over

those actions just recently granted summary judgment in favor of the plans and awarded relief similar to that sought by Zing.  On June 3, 2024, the Honorable Carl J. Nichols issued a Memorandum Opinion and Order in *SCAN Health Plan v. Dep't of Hlth. & Human Servs., et al.*, Case No. 23-cv-03910 (CJN, D.D.C.), holding CMS violated the APA by using simulated cut points because "the text of regulation leaves only one reasonable interpretation": CMS must use "the actual cut points."  Ex. 1, Case No. 23-cv-3910, Dkt. 33 at 9 & 13; *see id.* at 13 n.5.

Days later, on June 7, 2024, the Honorable Randolph D. Moss issued a Memorandum Opinion and Order in *Elevance Health, Inc. et al. v. Becerra et al.*, Case No. 1:23-cv-03902 (RDM, D.D.C.), similarly holding CMS's calculation of the 2024 Star Ratings with simulated cut point data "was contrary to the agency's own regulations and thus contrary to law and arbitrary and capricious."  *See* Ex. 2, Dkt 30, at 39.  It therefore ordered the Star Ratings to be set aside and recalculated by CMS.  *Id.*  In doing so, the court further noted that that CMS "is free to decide whether other [plans] should receive similar relief in the administrative process" and, if necessary, "pursue judicial relief to the extent appropriate."  *Id.*

In light of these rulings resolving against the government the very same claims at issue in this suit, and the emergency nature of the issues in all of these suits, the Court should promptly hold a hearing to determine whether it should also grant summary judgment in favor of Zing, or obtain a consent judgment from CMS to that effect, and afford Zing the relief it seeks.

-3-

Dated: June 10, 2024

By: _____
Paul Werner (D.C. Bar #482637)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
2099 Pennsylvania Ave N.W., Suite 1000
Washington, D.C. 20006
Tel. 202-747-1900
pwerner@sheppardmullin.com

*Counsel for Zing Health, Inc.*

-4-

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2024, I electronically filed the foregoing document and the accompanying exhibits with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

>  */s/ Paul Werner*
>  Paul Werner